# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN JULIAN LAYOS, | CASE NO. 1:10-cv-01889 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | WITHIN THIRTY DAYS |
| JAMES HARTLEY, et al., | |
| Defendants. | |

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002).

1

1   Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

2   that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give

3   defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

4   Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare

5   recitals of the elements of the cause of action, supported by mere conclusory statements, do not

6   suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550

7   U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a

8   claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555.

9   While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

10  **II.   Plaintiff's Claims**

11          Plaintiff is an inmate in the custody of the California Department of Corrections and

12  Rehabilitation at Avenal State Prison. Plaintiff brings this action against defendant correctional

13  officials employed by the CDCR at Avenal State Prison. Plaintiff names the following individual

14  defendants: Warden James Hartley; Correctional Counselor E. Wagner; Captain R. Lambert;

15  Appeals Coordinator J. Hill; Appeals Examiner R. Davis; Chief of Inmate Appeals D. Foston.

16          Plaintiff alleges that he is being deprived of his right to visit with his family. Plaintiff

17  specifically alleges that in 2009, while housed at New Folsom State Prison, he was approved for

18  family visiting pursuant to prison regulations. Plaintiff was transferred to Soledad State Prison,

19  where he was allowed family visits. Upon his transfer to Avenal, however, Plaintiff's family visiting

20  privileges were rescinded at his classification hearing by Acting Captain Guzman. Plaintiff alleges

21  that this decision was in violation of regulations mandating that "no recision [sic] of said provision

22  will be made by less than the warden." (Compl. ¶ IV.) Plaintiff also claims that the decision

23  violates Plaintiff's "due process and equal protection rights under the constitution." (Id.)

24      **A.   Linkage**

25          To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

26  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

27  law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives

28  another of a constitutional right, where that person 'does an affirmative act, participates in another's

2

affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id.</u> (quoting <u>Johnson</u> at 743-44).

Here, Plaintiff names six individual defendants, but fails to specifically charge any of the named defendants with any specific conduct in his statement of claim. Plaintiff may not simply identify a constitutional violation and then list individual defendants. Plaintiff must charge each individual defendant with conduct indicating that they deprived Plaintiff of a protected interest. Further, it appears that some of the defendants were involved in the inmate appeals process. Generally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007).

**B.  Family Visits**

Supreme Court and Ninth Circuit precedent establish that prisoners do not enjoy an absolute right to receive visits while incarcerated, even from family members. <u>Dunn v. Castro</u>, 621 F.3d 1196 (9th Cir. 2010). <u>Dunn</u> noted that the Supreme Court held that "[t]he denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." <u>Kentucky Department of Corrections v. Thompson</u>, 468 U.S. 576, 589 (1984). Because Plaintiff has no right to family visits, Captain Guzman cannot be held liable under the Due Process Clause for denying him that privilege. Plaintiff's due process claim should therefore be dismissed.

**C.  Equal Protection**

Plaintiff also claims that the denial of family visits violates Plaintiff's right to equal protection. The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's

3

membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.  If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley,  375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff fails to allege:  his membership in a suspect, or otherwise legally identifiable class; that he was intentionally treated differently from others incarcerated for similar commitment offenses (persons convicted of murder and persons convicted of crimes against children are not necessarily similarly situated for visitation purposes); a lack of any rational basis for the difference in his visitation privileges; and that any selective enforcement of restriction on his visitation privileges were based on an impermissible motive.  Thus, Plaintiff fails to state a cognizable claim for violation of his rights to equal protection.

### D.    Supervisory Liability

Plaintiff names defendants individuals who are employed by the CDCR in a supervisory capacity.  Under section 1983, Plaintiff must allege facts indicating that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only

liable for his or her own misconduct.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Plaintiff has not alleged any facts indicating personal liability on the part of any supervisory defendant.

### E.      Inmate Appeals Process

Three of the defendants are employed solely in the capacity of participation in the inmate appeals process - Appeals Coordinator J. Hill, Appeals Examiner R. Davis and Chief of Inmate Appeals D. Foston   "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

1

2       **III.    Conclusion and Order**

3           The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

4       which relief may be granted under section 1983.  Specifically, Plaintiff's due process claim fails

5       because Plaintiff has no protected interest in family visits.  Plaintiff cannot, therefore, amend his

6       complaint to cure this defect.   Plaintiff's due process claim should therefore be dismissed.  As to

7       Plaintiff's equal protection claim, Plaintiff has not alleged any facts that satisfy the standard set forth

8       above.  The Court will provide Plaintiff with one  opportunity to file an amended complaint curing

9       the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th

10      Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new,

11      unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

12          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

13      named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

14      <u>Hydrick</u>, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be

15      [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v.</u>

16      <u>Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

17           Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

18      <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

19      (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

20      pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

21      complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing

22      to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at

23      1474.

24          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

25      1.       Plaintiff's due process claim regarding family visits is dismissed with prejudice;

26      2.       Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

27      3.       The Clerk's Office shall send to Plaintiff a complaint form;

28      4.       Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

6

amended complaint;

5.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

6.    If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**    **April 26, 2011**          _____/s/ **Gary S. Austin**_____
                                          UNITED STATES MAGISTRATE JUDGE

7