# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN JULIAN LAYOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES HARTLEY, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:10-cv-01889 GSA PC<br><br>ORDER DISMISSING ACTION<br><br>ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

**I.　Procedural History**

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). Pending before the Court is the May 31, 2011, first amended complaint filed in response to the April 26, 2011, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

**II.　Plaintiff's Claims**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison. Plaintiff brings this action against defendant correctional officials employed by the CDCR at Avenal State Prison. In the original complaint, Plaintiff named the following individual defendants: Warden James Hartley; Correctional Counselor E. Wagner; Captain R. Lambert; Appeals Coordinator J. Hill; Appeals Examiner R. Davis; Chief of Inmate Appeals D. Foston.

Plaintiff alleged that he was being deprived of his right to visit with his family. Plaintiff

1

specifically alleged that in 2009, while housed at New Folsom State Prison, he was approved for family visiting pursuant to prison regulations. Plaintiff was transferred to Soledad State Prison, where he was allowed family visits. Upon his transfer to Avenal, however, Plaintiff's family visiting privileges were rescinded at his classification hearing by Acting Captain Guzman. Plaintiff alleged that this decision was in violation of regulations mandating that "no recision [sic] of said provision will be made by less than the warden." (Compl. ¶ IV.) Plaintiff also claimed that the decision violated Plaintiff's "due process and equal protection rights under the constitution." (Id.)

### A.    Linkage

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

In the April 26, 2011 order, Plaintiff was advised that he failed to charge any of the named defendants with any specific conduct in his statement of claim. Plaintiff may not simply identify a constitutional violation and then list individual defendants. Plaintiff was specifically advised that he must charge each individual defendant with conduct indicating that they deprived him of a protected interest. Plaintiff was also advised that, generally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

### B.    Family Visits

Supreme Court and Ninth Circuit precedent establish that prisoners do not enjoy an absolute right to receive visits while incarcerated, even from family members. Dunn v. Castro, 621 F.3d 1196

(9th Cir. 2010). Dunn noted that the Supreme Court held that "[t]he denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause." Kentucky Department of Corrections v. Thompson, 468 U.S. 576, 589 (1984). Plaintiff was advised that, because he has no right to family visits, Captain Guzman cannot be held liable under the Due Process Clause for denying him that privilege. Plaintiff's due process claim was therefore dismissed.

### C. Equal Protection

Plaintiff also claimed that the denial of family visits violated Plaintiff's right to equal protection. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

1  Plaintiff was advised that he failed to allege: his membership in a suspect, or otherwise
2  legally identifiable class; that he was intentionally treated differently from others incarcerated for
3  similar commitment offenses (persons convicted of murder and persons convicted of crimes against
4  children are not necessarily similarly situated for visitation purposes); a lack of any rational basis for
5  the difference in his visitation privileges; and that any selective enforcement of restriction on his
6  visitation privileges were based on an impermissible motive. Thus, Plaintiff failed to state a
7  cognizable claim for violation of his rights to equal protection.

### D. Supervisory Liability

Plaintiff named defendants individuals who are employed by the CDCR in a supervisory capacity. Under section 1983, Plaintiff must allege facts indicating that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff failed to allege any facts indicating personal liability on the part of any supervisory defendant.

In the order dismissing the complaint, the Court specifically advised Plaintiff of the above deficiencies. Specifically, Plaintiff's due process claim failed because Plaintiff has no protected interest in family visits. Plaintiff was advised that he could not, therefore, amend his complaint to cure this defect. As to Plaintiff's equal protection claim, Plaintiff did not alleged any facts that satisfied the standard set forth above. The Court provided Plaintiff one opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

///

### III. First Amended Complaint

#### A. Visitation

In the May 31, 2011, first amended complaint, Plaintiff essentially restates the allegations of the complaint. Plaintiff alleges that his visitation privileges were denied in violation of the applicable regulations and sections of the California Penal Code. As noted above, Plaintiff has no protected interest in family visits. Assuming as true Plaintiff's allegations that Defendants were in violation of applicable regulations, Plaintiff has not suffered a deprivation of a protected interest.

#### B. Equal Protection

Plaintiff alleges that: "(1) I was singled out for unique regulatory enforcement treatment; (2) Guzman and E. M. Wagners actions were arbitrary or irrational; and (3) even if there was a stated rational basis for unequal treatment, that proffered basis was a pretext because Guzman and E. M. Wagner were motivated by malignant animosity." (Am. Compl. ¶ IV.) If an equal protection claim does not implicate a suspect class or fundamental right, the relevant inquiry is whether the prison officials' action is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." Young v. Unites States Parole Comm'n, 682 F.2d 1105, 1109 (5th Cir.), cert. denied, 459 U.S. 1021 (1982). Here, Plaintiff has alleged no facts indicating a suspect class was implicated, or that a fundamental right was indicated. Plaintiff specifically alleges that Defendants' conduct was arbitrary.

Attached as Exhibit A to the first amended complaint are copies of various documents. Page 1 of Exhibit A is a copy of the Director's Level Appeal Decision regarding Inmate Grievance No. ASP-09-01972. Plaintiff filed this grievance regarding the following issue: "the UCC denied his family visits based on his conviction of California Penal Code Section (PC) "245(a)(1)" which the appellant claims does not meet the exclusionary criteria of California Code of Regulations, Title 15, Section (CCR) 3177(b)(1). The appellant also alleges a previous classification committee granted him family visits. The appellant requests that his family visits be reinstated." (Id.)

Plaintiff's appeal was denied on the ground that, "although appellant's conviction of PC 245(a)(1) is not listed among the exclusionary PCs, the language of 'which includes but is not limited to' is sufficient to restrict the appellant from family visits based on the seriousness of his

1  crime." (Id.)[1]  Simply put, Plaintiff disagrees with the interpretation of prison regulations that
2  prohibit family visits for inmates convicted of certain offenses.  Such a disagreement does not
3  subject Defendants to liability.  Plaintiff's own exhibits establish that Defendants did not act
4  arbitrarily, but pursuant to regulations.  This claim should therefore be dismissed.

5  The balance of the first amended complaint consists of additional allegations regarding the
6  extent of Plaintiff's injury.  Specifically, Plaintiff alleges that "the linkage between my health and
7  the alleged violations has been further exacerbated by me pending divorce which was filed on or
8  around August of 2010 by my wife. " (Am. Compl. ¶ IV.)   Plaintiff alleges that the stress of
9  Defendants' "arbitrary and irrational action" has contributed to his physical and emotional problems.

10  Plaintiff has not, however, alleged any additional facts that cure the defects noted in the April
11  26, 2011, order dismissing the original complaint.  The Court must therefore dismiss this action with
12  prejudice for failure to state a federal claim upon which the Court could grant relief.  See Noll v.
13  Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and
14  opportunity to amend prior to dismissing for failure to state a claim).

15  Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a
16  claim upon which relief can be granted, and that this dismissal count as a strike under 28 U.S.C. §
17  1915(g).   The Clerk is directed to close this case.

24  IT IS SO ORDERED.

25  Dated:   **June 9, 2011**                 **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).